**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



WENDY MARISOL DE LA ROSA
LEMUS DE HERRERA; N.A.-H.R.; H.S.-
H.R.; G.A.S.-H.R.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2961

Agency Nos.
A220-684-452
A220-150-880
A220-150-881
A220-150-882

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2025[**]
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.[***]

Petitioners Wendy Marisol De La Rosa Lemus De Herrera ("De La Rosa

Lemus De Herrera") and her minor children (collectively, "Petitioners") petition

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

for review of the Board of Immigration Appeals ("BIA")'s order affirming an Immigration Judge ("IJ")'s decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA summarily affirms the IJ's decision pursuant to 8 C.F.R. § 1003.1(e)(4), "we review the substance of the IJ's decision." *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 975 (9th Cir. 2006). "We review factual findings for substantial evidence and legal questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).

1. The BIA did not err by summarily affirming the IJ's decision without stating the standards of review it applied. This court has repeatedly upheld BIA procedures for summarily affirming IJ decisions using boilerplate language that does not specify standards of review. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir. 2003); *Jiang v. Gonzales*, 425 F.3d 649, 654 (9th Cir. 2005), *as amended* (Oct. 24, 2005); *see also Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (discussing the BIA's practice of adopting an IJ's decision in its entirety and citing to *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994)). Although summary affirmance is not appropriate where an appeal to the BIA raises "[]substantial" and "novel legal and factual issue[s]," *Chong Shin Chen v. Ashcroft*, 378 F.3d 1081, 1086 (9th Cir. 2004), Petitioners have not established that

this court's decision in *Umana-Escobar v. Garland*, 69 F.4th 544 (9th Cir. 2023), created a novel issue here. The amended opinion in *Umana-Escobar* was issued roughly four months before the BIA's disposition in this case, *id*. at 544, and *Umana-Escobar* relied on a pre-existing BIA decision that stated that an IJ's "nexus determination is a legal determination subject to de novo review" by the BIA, *id*. at 551 (citing *Matter of S-E-G-*, 24 I. & N. Dec. 579, 588 n.5 (B.I.A. 2008)). Finally, unlike in *Umana-Escobar* and *Soto-Soto v. Garland*, 1 F.4th 655 (9th Cir. 2021), there is no indication here that the BIA applied an incorrect standard of review in evaluating the IJ's nexus and CAT determinations. *Umana-Escobar*, 69 F.4th at 552; *Soto-Soto*, 1 F.4th at 659–61.[1]

2. Substantial evidence supports the agency's denial of CAT protection. "To be eligible for CAT relief, a petitioner must show that it is more likely than not that [s]he would be tortured by or with the consent or acquiescence of a public official in the country of removal." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). In evaluating De La Rosa Lemus De Herrera's prior experiences in Guatemala, the IJ concluded that the threats she received from "unknown gang members" did not constitute torture. Petitioners' brief discusses only the government's alleged acquiescence and does not address the IJ's torture determination. The brief also

---

[1] Petitioners do not challenge the merits of the IJ's nexus determination, nor do they otherwise challenge the agency's denial of asylum or withholding of removal.

does not address the IJ's ultimate determination that Petitioners did not establish that they would more likely than not be subjected to future torture by or with the consent or acquiescence of public officials. Petitioners' challenge therefore fails. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

**PETITION DENIED.**